IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-187-BO

| | |
|---|---|
| THEORODE JUSTICE,<br>    Plaintiff,<br><br>V.<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>NORTH CAROLINA DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, and<br>GRANVILLE COUNTY BOARD OF<br>COMMISSIONERS,<br><br>    Defendants. | <u>O R D E R</u> |

This matter comes before the Court *sua sponte* for review of the magistrate judge's order granting plaintiff permission to proceed *in forma pauperis* and finding that his complaint is not frivolous. [DE 25]. For the reasons that follow, the magistrate judge's order is vacated and plaintiff's case is dismissed.

## BACKGROUND

In October 2017, plaintiff moved for permission to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE 2]. In April 2018, plaintiff's case was transferred from the District of Columbia to the Eastern District of North Carolina. [DE 3; 9]. In May, the Court directed plaintiff to correct deficiencies in his motion. [DE 11]. In June, plaintiff submitted an amended motion to proceed *in forma pauperis*. [DE 19]. In August, the Court again directed plaintiff to correct deficiencies, particularly plaintiff's failure to attach a copy of a prior order by Senior District Judge W. Earl Britt dismissing with prejudice four previous cases brought by plaintiff for attempted fraud on the

court in the *in forma pauperis* applications he had filed in those cases. [DE 21]. Plaintiff ultimately filed a proper motion with Judge Britt's order attached. [DE 22-23].

In November 2018, Magistrate Judge James E. Gates granted plaintiff's motion to proceed *in forma pauperis*. [DE 25]. Judge Gates conducted frivolity review, as required by 28 U.S.C. § 1915(e)(2)(B), and determined that plaintiff's complaint was not frivolous. *Id.* The Court now reviews Judge Gates's order and finds that the order erroneously concluded that plaintiff's complaint was not frivolous.

## DISCUSSION

While a district judge "*must* make an independent determination of a magistrate judge's order upon objection, he is not *precluded* from reviewing a magistrate judge's order to which a party did not object." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760–61 (7th Cir. 2009) (citing *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006)) (emphasis in original). "[T]he district judge remains the final authority in the case, and he may reconsider *sua sponte* any matter determined by a district judge." *Id.* at 760. A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). But "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). Thus, the Court reviews the magistrate judge's order for clear error. *See DietGoal Innovations LLC v. Wegmans Food Markets, Inc.*, 993 F. Supp. 2d 594, 600 (E.D. Va. 2013) (quoting *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012)).

After allowing a party to proceed *in forma pauperis*, a court must conduct frivolity review under 28 U.S.C. § 1915(e)(2)(B). Courts must consider whether an action is frivolous or malicious,

2

fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant and is, therefore, subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (providing the standard for frivolousness). While a *pro se* plaintiff's pleadings are held to "less stringent standards" than pleadings drafted by attorneys for the purposes of frivolity review, *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989), courts need not accept a *pro se* plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, courts are permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

First, the Court construes plaintiff's amended complaint as voluntarily dismissing all claims against defendant U.S. Department of Agriculture. [DE 27, ¶ 9]. The only remaining defendants, then, are the North Carolina Department of Health and Human Services (NCDHHS) and the Granville County Board of Commissioners ("Granville County"). These are the proper defendants because they are charged with administering the federal government's SNAP program. *See* N.C. Gen. Stat. § 108A-51.

In his amended complaint, plaintiff alleges that he is eligible to receive benefits under the Supplemental Nutrition Assistance Program (SNAP), colloquially known as food stamps, from defendant NCDHHS. [DE 27]. Specifically, plaintiff alleges that he has been wrongfully deprived of "excess medical expense reductions" to which he believes he is entitled under SNAP. *Id.* ¶ 17–22. Plaintiff argues that, because his household contains a disabled member who is forced to travel to a neighboring county "five days a week" for "prescribed treatment," he is entitled to deduct those expenses from his household income and, therefore, receive greater benefits under SNAP. *Id.* Plaintiff contends that the denial of this income reduction is a violation of his Fourteenth Amendment rights. He brings two claims for relief under 42 U.S.C. § 1983: first, that defendants' failure to process his application to permit excess medical expense reductions violations the Food

3

Stamp Act and its implementing regulations and, second, that defendants' policy and process of failing to identify plaintiff's child as a member of his household violates the Food Stamp Act and its implementing regulations. *Id.* §§ 23–24, 38–39.

42 U.S.C. § 1983 provides a cause of action for alleged constitutional violations. To establish a claim, plaintiff must prove that one of his rights, secured by the Constitution or laws of the United States, has been violated, and that the violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To act under color of state law, the defendant "must either be a state actor or have a sufficiently close relationship with state actors that a court would conclude that the non-state actor is engaged in the state's actions." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615–16 (4th Cir. 2009) (quoting *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

In some circumstances, an individual may have a constitutionally protected property interest in SNAP benefits. *See Holman v. Block*, 823 F.2d 56, 59 (4th Cir. 1987) ("[A] household currently receiving benefits has the right to an administrative hearing before an action may be taken that adversely affects its participation in the Food Stamp Program."); *see also Atkins v. Parker*, 472 U.S. 115, 128 (1985) (noting that some SNAP benefits are protected by the Due Process Clause). And claims arising from violations of the Food Stamp Act and its implementing regulations may be brought using the Section 1983 mechanism. *Briggs v. Bremby*, 792 F.3d 239, 245 (2d Cir. 2015).

But even construing plaintiff's *pro se* claims liberally, the Court is convinced that plaintiff does not state a claim upon which relief can be granted and is forced to conclude that there is clear error on the face of the magistrate's order finding the claims to be non-frivolous. Federal law excludes from a SNAP recipient's income the "portion of medical expenses in excess of $35 per month, excluding special diets, incurred by any household member who is elderly or disabled as

4

defined in § 271.2." 7 C.F.R. § 273.9(d)(3). While plaintiff has a constitutionally protected interest in the continued receipt of SNAP benefits, the Court is not convinced that either of his claims is actionable. Plaintiff has received administrative consideration of his requests and simply re-states the applicable provisions of federal law, alleging without more that defendants are in violation of those provisions, while providing no reason to invalidate defendants' prior decisions as to his household members, income reductions, and SNAP benefits. In fact, plaintiff is really asking this Court to compel defendants to award him greater SNAP benefits than he is currently entitled to and to force defendants to conduct an expedited review of plaintiff's household members. While plaintiff disguises his complaints about his SNAP benefits as constitutional claims brought using Section 1983, the Court is obligated to "pierce the veil" of those claims and, in doing so, finds them to be clearly baseless. As such, the magistrate judge's order must be vacated and plaintiff's complaint must be dismissed as frivolous.

## CONCLUSION

For these reasons, the magistrate judge's order [DE 25] is VACATED and plaintiff's case is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this __11__ day of January, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

5