IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-187-FL

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES ) | |
| SECRETARY, and GRANVILLE ) | |
| COUNTY BOARD OF ) | |
| COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motions to dismiss plaintiff's amended complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 55, 58). The issues raised are ripe for ruling. For the reasons that follow, defendants' motions are granted.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action by filing motion for leave to proceed in forma pauperis ("IFP") in the United States District Court for the District of Columbia on October 23, 2017. The court transferred plaintiff's case to this district on December 22, 2017. After some delay, on November 27, 2018, the magistrate judge allowed plaintiff's IFP motion and allowed plaintiff's complaint and amended complaint to proceed through frivolity review.

Plaintiff's amended complaint[1] was filed on November 27, 2018, alleging claims pursuant to 42 U.S.C. § 1983 for failing or refusing to process plaintiff's food stamp application for excess medical deductions and failing or refusing to identify plaintiff's child as a member of plaintiff's household for purposes of his application for benefits under the Food and Nutrition Act of 2008, as amended, 7 U.S.C. §§ 2011–2036.

On January 11, 2019, the court, acting on its own initiative, vacated the magistrate judge's order and dismissed plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). By unpublished opinion on August 21, 2019, the United States Court of Appeals for the Fourth Circuit in turn vacated and remanded the court's order, holding plaintiff's complaint is not frivolous where "there is at least a plausible argument that the SNAP statute and regulations unambiguously confer rights on SNAP benefits claimants in such a manner that a § 1983 cause of action is available to enforce those rights." Justice v. N. Carolina Dep't Health & Human Servs. Sec'y, 775 F. App'x 107, 108 (4th Cir. 2019).

On January 2, 2020, defendant North Carolina Department Health and Human Services Secretary ("NCDHHS") filed its motion to dismiss, arguing that sovereign immunity bars plaintiff's claims, plaintiff has failed to state a cognizable § 1983 claim for violation of the Food and Nutrition Act, and plaintiff's claims are precluded by previous state administrative proceedings adjudicating his eligibility for supplemental nutrition assistance program ("SNAP") benefits. In support of the motion, defendant NCDHHS relies upon decisions from plaintiff's state administrative hearings. Defendant Granville County Board of Commissioners[2] ("Granville

---

[1] As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (internal quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case").

[2] The court construes plaintiff's claims against defendant Granville County's board of commissioners as a suit

2

Case 5:18-cv-00187-FL   Document 71   Filed 05/22/20   Page 2 of 7

County") followed with its own motion to dismiss, arguing that it is not an entity capable of being sued, that plaintiff cannot identify a county policy supporting a § 1983 claim, plaintiff fails to allege facts plausibly supporting his claim. Defendant Granville County also relies upon defendant NCDHHS's arguments in support of its motion.

Plaintiff responded in opposition to defendants' motions on February 11, 2020. Plaintiff argues that his claims are not barred by sovereign immunity where he only seeks declaratory and injunctive relief, that the statutes and implementing regulations for the SNAP program confer upon him an enforceable right under § 1983, and that he alleges sufficient facts to state a claim.

## STATEMENT OF FACTS

SNAP is a federally funded nutrition program administered by defendants, whereby individuals whose households meet certain eligibility requirements may receive financial assistance in purchasing food. See 7 U.S.C. §§ 2011–2036; (Am. Compl. ¶¶ 10–12, 14–16). Eligible households are allotted funds to purchase food from retail stores approved for participation in the program. See 7 U.S.C. § 2013(a). As part of maintaining eligibility for SNAP, households must undergo a recertification process in which in which the household's continuing eligibility and participation in the program is redetermined for a new period. See 7 C.F.R. § 273.14.

Plaintiff, a resident of Granville County, North Carolina, is a SNAP recipient. (Am. Compl. ¶ 1). Plaintiff alleges that one of the defendants received a letter dated April 25, 2016, identifying a member of his household as a recipient with a disability. (Id. ¶ 18). Due to disabilities and lack of adequate facilities in Granville County, this member of plaintiff's household travels

---

against the county. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); N.C. Gen. Stat. § 108A-51 ("The boards of county commissioners through the county departments of social services are held responsible for the administration and operation of the food and nutrition services program.").

five days a week to an adjoining county for recommended and prescribed treatment. (Id. ¶¶ 19, 20). In 2017, plaintiff's SNAP benefits were reduced from $158.00 to $15.00 per month, and he was required to repay $994.00. (Id. ¶ 19). Plaintiff alleges this recalculation of his benefits was unlawful because defendants failed to allow deduction of medical expenses for a disabled member of plaintiff's household transported to an adjoining county for recommended and prescribed treatment. (Id. ¶¶ 2, 17–20, 23–24). Plaintiff also alleges that defendants failed to recognize plaintiff's child as a member of the plaintiff's household. (Id. ¶¶ 38–39).

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

4

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Jenkins v. Medford, 119 F.3d 1156, 1159–60 (4th Cir. 1997) (en banc); see 42 U.S.C. § 1983.

"A municipality is not subject to section 1983 liability simply because a claimant is able to identify conduct attributable to the municipality." Riddick v. Sch. Bd. of City of Portsmouth, 238 F.3d 518, 524 (4th Cir. 2000) (internal quotations omitted) (citing Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 406–07 (1997)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Hunter v. Town of Mocksville, N. Carolina, 897 F.3d 538, 553–54 (4th Cir. 2018)

5

(quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978) ); see Pembaur v. City of Cincinnati, 475 U.S. 469, 481–83 (1986).

The court assumes without deciding that plaintiff has a statutory right enforceable under § 1983 to proper calculation of his SNAP benefits.[3] Even so, plaintiff's first cause of action fails to allege facts from which the court can plausibly infer he is entitled to declaratory and injunctive relief directing defendants to include excess medical deductions in calculating his income for SNAP purposes. With regard to the unnamed, disabled household member, plaintiff does not allege the nature of his household member's disability, the prescribed treatment he receives, or the amount of financial burden such expenses place on household income. Plaintiff also does not allege whether or when he submitted a SNAP application, who reviewed and made an eligibility determination, when that determination was made, whether plaintiff appealed that determination through state administrative channels, or plaintiff's expected income and benefits in light of the foregoing absent facts. These missing details leave the court to speculate as to what policy or custom of defendant Granville County violated plaintiff's federal rights. The amended complaint also does not allege a plausible violation of federal law by defendant NCDHHS.[4]

---

[3] Defendants argue that plaintiff lacks an actionable statutory right because plaintiff did not cite a statute in his amended complaint, instead choosing to cite the implementing regulations of the Food and Nutrition Act. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002); Smith v. Kirk, 821 F.2d 980, 984 (4th Cir. 1987) ("An administrative regulation . . . cannot create an enforceable § 1983 interest not already implicit in the enforcing statute."). The implementing regulations cited by plaintiff are derived from companion statutes in the Food and Nutrition Act. See 7 U.S.C. §§ 2012(m), 2014(e)(5)(A); 7 C.F.R. §§ 7 C.F.R. § 273.1(a), (b), 273.9(d)(3). The court declines to dismiss plaintiff's claims on this basis, absent more fulsome treatment by defendants of the statutes and cases that appear to favor recognizing a statutory right enforceable under § 1983. See, e.g., 7 U.S.C. §§ 2014, 2017, 2020; Wright v. City of Roanoke Redevelopment & Hous. Auth., 479 U.S. 418, 420–22 & n.2, 430, 432 (1987); Barry v. Lyon, 834 F.3d 706, 717 (6th Cir. 2016); Briggs v. Bremby, 792 F.3d 239, 245–46 (2d Cir. 2015).

[4] It follows that, notwithstanding his contentions to the contrary, plaintiff fails properly plead a claim against defendant NCDHHS for an ongoing violation of federal law sufficient to invoke Ex parte Young, 209 U.S. 123 (1908). See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002); Green v. Mansour, 474 U.S. 64, 68 (1985).

Plaintiff's second cause of action alleges that defendants do "not to recognize plaintiff child as a member of the household." (Am. Compl. ¶ 39). However, plaintiff also alleges defendants "regard the definition for the household 7 CFR 273.1(b)(1)(ii) but do not apply excess medical deductions for the household as a whole." (Id. ¶¶ 4, 22). Plaintiff's allegations are bare assertions devoid of factual enhancement, which the court is not required to accept as plausibly stating a claim. In addition to the deficiencies noted by the court above, the amended complaint is unclear as to what plaintiff means by not recognizing his child as a member of plaintiff's household. On the scant assertions in the amended complaint, the only reasonable inference appears to be that plaintiff's child was in fact counted in plaintiff's household, but that the child's excess medical deductions (the subject of plaintiff's first claim) were not. (See id. ¶¶ 4, 17–20, 22).[5]

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 55, 58) are GRANTED. Plaintiff's amended complaint is DISMISSED WITHOUT PREJUDICE. Within 21 days of this order, plaintiff is ALLOWED to file a motion to amend, together with proposed second amended complaint, correcting the deficiencies noted herein. Should plaintiff fail so to file, the clerk is DIRECTED to close this case without further order from the court.

SO ORDERED, this the 22nd day of May, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[5] Defendants, citing administrative hearing decisions on plaintiff's 2016 recertification application, ask the court to find plaintiff's second claim barred by issue preclusion. (See Administrative Hearing (DE 56-1) at 1–2; Final Decision (DE 56-2) at 1). Even if the court were to consider such administrative records, they do not clearly reveal the existence of a meritorious affirmative defense. See Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013); Georgia Pac. Consumer Prod., LP v. Von Drehle Corp., 710 F.3d 527, 533 (4th Cir. 2013); Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). Nothing in the administrative records indicates that the number of members in plaintiff's household was a controverted fact. See State v. Summers, 351 N.C. 620, 623 (2000); King v. Grindstaff, 284 N.C. 348, 356 (1973).